**CULLEN AND DYKMAN LLP**
Ralph Preite, Esq.
The Omni Building
333 Earle Ovington Blvd, 2nd Fl.
Uniondale, New York 11553
(516) 357-3700
Email: rpreite@cullenllp.com

Michelle McMahon, Esq.
Kyriaki Christodoulou, Esq.
One Battery Park Plaza, 34th Fl.
New York, New York 10004
(212) 510-2296
Email: mmcmahon@cullenllp.com
       kchristodoulou@cullenllp.com

*Proposed Attorneys to Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| SYSOREX GOVERNMENT SERVICES, INC. | Case No. 25-_____ (____) |
| Debtor. | |

**DECLARATION OF ZAMAN KHAN**
**IN SUPPORT OF BIDDING PROCEDURES AND SALE MOTION**

I, A. Zaman Khan, hereby declare, pursuant to the penalties of perjury under 28 U.S.C. §1746, that the following statements are true and correct:

1. I am the President of Sysorex Government Services, Inc. (the "**Debtor**" or "**SGS**"), the debtor and debtor-in-possession herein. In this capacity, I am familiar with the day-to-day operations and financial affairs of the Debtor.

2. I submit this Declaration (the "**Declaration**") in support of the Debtor's Motion For Entry Of Orders (I) (A) Approving Bidding Procedures For The Sale Of The Debtor's Business; (B) Approving The Form Of Purchase Agreement; (C) Approving The Form And

Manner Of Service Of Auction Notice; And (D) Scheduling An Auction; (II) Approving Sale Of The Business Free And Clear Of Liens, Claims, Encumbrances And Other Interests, And (III) Granting Related Relief (the "**Sale Motion**"). Except as otherwise indicated, all facts set forth in this Declaration are based upon personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtor. Capitalized terms not otherwise defined herein shall the definitions set forth in Sale Motion or the Declaration of Zaman Khan Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petition (the "**First Day Declaration**").

       3.       I have reviewed the Sale Motion, which was prepared by counsel with my input. I believe that the information contained in the Sale Motion is accurate and correct. As set forth more fully below, I believe that approval of the Bidding Procedures and entry of the Bidding Procedures Order are critical to the Debtor's ability to preserve the value of its estate and succeed in its efforts to maximize the value of its estate.

       4.       As set forth in the First Day Declaration, the Debtor experienced funding difficulties that have disrupted its ability to fulfill existing orders and to take advantage of new opportunities. This in turn has depressed the Debtor's revenue and caused it to obtain financing from SouthStar, which further decreases its margins. To address these issues, the Debtor explored a number of strategic alternatives and determined that a sale of its business as a going concern (the "**Business**") is the best approach. The Debtor and commenced its bankruptcy to facilitate a sale of its Business (the "**Sale**"). The Debtor intends to use the proceeds of Sale to fund a plan of reorganization (the "**Plan**") and distribution to creditors under the Plan.

5.      The Debtor has been marketing its Business for approximately the last three years. The Debtor has worked with several business brokers, with those efforts intensifying in the second half of 2024 and first quarter of 2025. These efforts include due diligence conducted by numerous interested parties and conversations with at least seven interested parties through the second half of 2024 and into 2025.

6.      The Debtor retained Timothy Orr of Jameson Capital, LLC to provide consulting services related to the Debtor's investigation and analysis of its strategic alternatives, including potential strategy partners and purchasers. The Debtor intends to seek to retain Mr. Orr on a post-petition basis to provide services and assist the Debtor with the post-petition marketing of the Business, the Auction and the Sale.

7.      Prior to the Petition Date, the Debtor also solicited offers for stalking horse bidders. Despite extensive negotiations with a potential stalking horse purchaser, one has not been identified to date, and I believe that it is in the best interests of the Debtor and its estate to proceed to an Auction to maximize the value that the Debtor may realize from the sale of the Business.

8.      I anticipate that the chapter 11 filing and related approval of Bidding Procedures and an expedited timeline for the Sale will promote a final round of interest in the Business. However, given the extensive pre-petition marketing efforts, I am concerned that a further lengthy post-petition campaign will have a negative impact on achieving a robust and competitive sale process. Further, the lease for the Debtor's leased office space will expire at the end of May and the landlord is thus far unwilling to extend the Debtor's occupancy.

9.      Absent a negotiated sale of the Business to a third party in this chapter 11 case, I believe, based on discussions with the Debtor's advisors, that the Debtor would likely be forced

to cease operating and sell its limited assets at a distressed fire sale, without the opportunity for any reasonable and appropriate market test of value. I believe that a reasonably prompt marketing and sale of the Business is necessary because the Debtor has limited independent liquidity and access to funding under its existing financing facility on a post-petition basis it likely to me will be limited in amount and duration. Further, as noted above, the Debtor is facing imminent termination of the lease of its office space.

10. Based on the foregoing, I believe that the Sale of the Business is justified by sound business reasons and in the best interests of the Debtor and its estate. I believe that the proposed Sale is proper and necessary, and serves the best interests of the Debtor, its estate, and its creditors, and that the Bidding Procedures are designed to accomplish a sale process that would generate the highest and best bids for the Business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 5, 2025

A. Zaman Khan