**CULLEN AND DYKMAN LLP**
Ralph Preite, Esq.
The Omni Building
333 Earle Ovington Blvd, 2nd Fl.
Uniondale, NY 11553
(516) 357-3700
Email: rpreite@cullenllp.com

Michelle McMahon, Esq.
Kyriaki Christodoulou, Esq.
One Battery Park Plaza, 34th Fl.
New York, New York 10004
(212) 510-2296
Email: mmcmahon@cullenllp.com
       kchristodoulou@cullenllp.com

*Proposed Attorneys to Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SYSOREX GOVERNMENT SERVICES, INC. | Case No. 25-10920 (JPM) |
| Debtor. | |

**AMENDED ORDER (I) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S BUSINESS; (B) APPROVING THE FORM OF PURCHASE AGREEMENT; (C) APPROVING THE FORM AND MANNER OF SERVICE OF AUCTION NOTICE; AND (D) SCHEDULING AN AUCTION; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") [Dkt. No. 9][1] filed by Sysorex Government Services, Inc., debtor and debtor-in-possession (the "**Debtor**" or "**SGS**") in the above-captioned case (the "**Case**"), by and through its proposed counsel Cullen and Dykman LLP, for entry of an order (this "**Bidding Procedures Order**"), pursuant to sections 105, 363, 365, and 503 of chapter 11

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of title 11 of the United States Code 11 U.S.C. §§101-1532, et seq. (the "**Bankruptcy Code**"), and Rules 2002, 6004, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (a) approving bidding procedures ("**Bidding Procedures**"), substantially in the form annexed as Exhibit 1 to the proposed form of order attached as Exhibit A to the Motion, related to the sale and proposed auction of the Debtor's business (the "**Business**") pursuant to sections 363(b), (d) (f), and (m) of the Bankruptcy Code; (b) approving the proposed asset purchase agreement (the "**Purchase Agreement**"), a copy of which is annexed to the Motion as Exhibit B, solely to the extent of its use as a form which all bidders for the Business must follow; (c) approving the form and manner of notice (the "**Auction Notice**") of the auction (the "**Auction**") and sale hearing (the "**Sale Hearing**") substantially in the form annexed to the Motion as Exhibit C; and due and sufficient notice of the hearing on the Motion (the "**Bidding Procedures Hearing**") and the relief sought therein having been given under the particular circumstances; and upon the declaration of Zaman Khan in support of the Motion; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon and good cause appearing therefore, it is hereby: FOUND, CONCLUDED AND DETERMINED THAT:

A. This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. §157(b).

B. The relief granted herein is in the best interests of the Debtor, its estate and creditors, and other parties in interest.

C. Due, sufficient and adequate notice of the Motion and the Bidding Procedures

Hearing and the relief granted in this Bidding Procedures Order has been given in accordance with applicable law and orders of this Court and such notice is appropriate in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required.

   D. The proposed Auction Notice is reasonably calculated to provide timely and adequate notice to the Debtor's creditors and those persons potentially interested in bidding on the Business, and no further notice is necessary or required upon service of the Auction Notice by first- class mail postage prepaid or, if no mailing address is available, via electronic mail, upon (i) the U.S. Trustee, (ii) counsel for the Committee, if one is appointed, (iii) all known creditors of the Debtor, (iv) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (v) the following taxing and regulatory authorities: (a) the United States Attorney for the Southern District of New York, (b) the Internal Revenue Service, and (c) Virginia Dept. of Tax Admin Personal Prop Tax & Business; (vi) all parties who are known to assert a lien, claim, encumbrance or other interest on any portion of the Business; and (vii) all parties identified by the Debtor as potentially having an interest in acquiring the Business (collectively, the "**Notice Parties**").

   E. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion, including this Court's (i) approval of the Bidding Procedures, attached hereto as Exhibit 1, (ii) approval of the form of Purchase Agreement, and (iii) approval of the form and manner of service of the Auction Notice.

   F. The Debtor has articulated good and sufficient reasons for, and the best interests of the Debtor's estate will be served by, this Court scheduling a Sale Hearing to consider whether to grant the remainder of the relief requested in the Motion, including approving and authorizing

the proposed Sale of the Business, free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon, pursuant to the Purchase Agreement, as modified to incorporate the terms of any Successful Bid.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED, to the extent set forth herein.

2. All objections to entry of this Bidding Procedures Order or to the relief provided herein and requested in the Motion that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled in their entirety.

**The Bidding Procedures**

3. The Bidding Procedures are hereby APPROVED in all respects and shall govern all bids and bid proceedings relating to the Business, and the Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures. The failure to specifically include or reference any particular provision of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

4. As further described in the Bidding Procedures, each Bid must be delivered on or before June 17, 2025 at 5:00 p.m. (EST) (the "**Bid Deadline**").

5. The Debtor is authorized to extend the deadlines set forth in this Bidding Procedures Order and/or adjourn, continue or suspend the Auction and/or the Sale Hearing as it may reasonably determine to be in the best interest of its estate.

**The Auction**

6. The Auction, if necessary, shall commence at 10:00 a.m. (prevailing Eastern Time) June 23, 2025 at the offices of Cullen and Dykman LLP, One Battery Park Plaza, 34th Fl., New York, New York 10004, or such other place and time as the Debtor shall notify all Qualified Bidders; provided, however, in the event that only one Qualified Bid is received by the Bid Deadline, then the Auction shall be cancelled, and in such event the Debtor may proceed with the approval of the Purchase Agreement with the sole Qualified Bidder.

**Auction Notice**

7. The Auction Notice substantially in the form attached to the Motion as Exhibit C is hereby approved.

8. Not later than three (3) days after the entry of this Bidding Procedures Order, the Debtor will cause a copy of this Bidding Procedures Order, the Bidding Procedures and the Auction Notice, to be sent by first-class mail postage prepaid to the Notice Parties.

**Notice of the Auction Results**

9. Not later than June 25, 2025, the Debtor will serve Notice of the results of the Auction, including the identity of the Successful Bidder and the Backup Bidder, to be sent by first-class mail postage prepaid to the Notice Parties.

**Objections to Sale**

10. Objections, if any, to the relief requested in the Motion related to the Sale must be made in writing, must state with particularity the reasons for the objection or response (each a "**Sale Objection**"), and must be filed with the Clerk of the Bankruptcy Court, with copies delivered to the Bankruptcy Court and received by the Chambers of the Honorable John P. Mastando III, United States Bankruptcy Judge, at the United States Bankruptcy Court,

Southern District of New York, One Bowling Green, Courtroom 501, New York, New York 10004, must conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, must set forth the name of the objecting party, the nature and basis of the objection and the specific grounds therefore and must be served upon: (a) United States Trustee for Southern District New York, One Bowling Green, Room 534, New York, New York 10004; (b) counsel to the Debtor, Cullen and Dykman LLP, One Battery Park Plaza, 34th Fl., New York, New York 10004, Attn: Michelle McMahon, Esq. and Kyriaki Christodoulou, Esq.; (c) counsel to the Committee, if one is appointed; and (d) counsel to any other party that has filed a notice of appearance and request for service of papers in this Case, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) seven (7) days prior to the Sale Hearing (the "**Sale Objection Deadline**"). In the event that venue of this case is transferred, any Sale Objection filed prior to the transfer shall be transferred with the case to the transferred court and all the provisions.

**The Sale Hearing**

11. The Sale Hearing shall be held before the Honorable John P. Mastando III, United States Bankruptcy Judge, on July 1, 2025 at 10:00 a.m. (EST) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 501, New York, New York, 10004, at which time this Court shall consider (i) approval of the Sale of the Business to a Successful Bidder; (ii) the entry of the proposed Sale Order, substantially in the form attached to the Motion as Exhibit D; (iii) any issues or objections that are timely interposed by any parties; and (iv) such other or further relief as this Court may deem just or proper.

12. The Sale Hearing may be adjourned by the Court upon request of the Debtor and the Successful Bidder, without further order of this Court, in which event a notice of

adjournment will be filed with this Court and served on all Qualified Bidders or by announcing such adjournment on the record of the Sale Hearing.

**Additional Provisions**

13. The Debtor is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Bidding Procedures Order.

14. Nothing contained in this Bidding Procedures Order precludes any party in interest from objecting to the Sale in accordance with the objection procedures set forth herein and no party shall be deemed to have consented to the Sale by virtue of not having objected to the Motion.

15. The Debtor is hereby authorized and empowered to take such actions as may be reasonably necessary to implement and effect the terms and requirements established by this Bidding Procedures Order.

16. This Bidding Procedures Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

17. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7052, 9014 or otherwise, the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

[balance of page intentionally blank]

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order.

Dated: May 12, 2025
      New York, New York

/S/ John P. Mastando III
THE HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE