**CULLEN AND DYKMAN LLP**
Ralph Preite, Esq.
The Omni Building
333 Earle Ovington Blvd, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
Email: rpreite@cullenllp.com
       and
Michelle McMahon, Esq.
Kyriaki Christodoulou, Esq.
One Battery Park Plaza, 34th Fl.
New York, New York 10004
(212) 510-2296
Email: mmcmahon@cullenllp.com
       kchristodoulou@cullenllp.com

*Proposed Attorneys for Debtor and Debtor-in-possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| SYSOREX GOVERNMENT SERVICES, INC., | Case No. 25-10920-(JPM) |
| Debtor. | |

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE PERIODS FOR DEBTOR'S MOTION FOR AUTHORITY TO OBTAIN POST-PETITION FINANCING**

Sysorex Government Services, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"), hereby respectfully submits this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 et seq., (the "**Bankruptcy Code**"), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), shortening notice with respect to the Debtor's Motion For Authority To (A) Obtain Post-Petition Secured Financing On An Interim And Final Basis; (B) the Sale Of Certain Accounts Receivables Free And Clear Of Liens, Claims And Encumbrances; (C) Granting Security

Interests And Priority Claims Pursuant To 11 U.S.C. §§ 364(C) And (D); and (D) Modifying The Automatic Stay (the "**Financing Motion**").[1] In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157, 1334 of the Bankruptcy Code. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The basis for the relief sought herein is Rule 9006(c) of the Bankruptcy Rules.

## Background

3. On May 5, 2025 (the "**Petition Date**"), the Debtor filed with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate its businesses and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or statutory committee of unsecured creditors has been appointed in these Chapter 11 cases.

6. The relevant factual background, and a detailed description of the Debtor's businesses and the facts precipitating the filing of this chapter 11 case are set forth in the *Declaration of Zaman Khan Pursuant to Local Bankruptcy Rule 1007-2* [Dkt. No. 1, Ex. 2] (the "**First Day Declaration**"), submitted in support of the Debtor's bankruptcy petition. Those facts, to the extent relevant, are incorporated herein by reference.

---

[1] Capitalized terms used herein but not otherwise defensed herein shall have the meaning ascribed to such terms in the Financing Motion.

## Relief Requested

1. By this Motion, the Debtor seek entry of the Proposed Order: (a) shortening the notice period with respect to the Financing Motion, and (b) scheduling a hearing on the emergency relief sought in the Financing Motion (the "**Hearing**").

## Basis for Relief Requested

2. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen a rule, notice given under a rule, or court order requires or allows an act to be done within a specified time, the court may—for cause and with or without a motion or notice—reduce the time."). *In re Chateaugay Corp.*, 111 B.R. 399, 407-08 (S.D.N.Y. 1990).

3. Cause exists to shorten the notice period for the Financing Motion. As set forth in the Financing Motion, relief is urgently needed to avoid irreparable harm to the Debtor's business operations.

4. As set forth in First Day Declaration, the majority of the Debtor's purchase orders to the suppliers are fulfilled by the suppliers on a prepaid (*i.e.* C.O.D.) basis. Pre-petition, the Debtor funded these purchase orders by utilizing financing from Southstar. The Debtor has two purchase orders that were placed prepetition and are set to be filled and shipped to the Debtor's customer at the end of May and early June, subject to payment of the supplier financing by Southstar. The Debtor needs immediate authority to obtain the Financing from Southstar on the same terms and conditions Southstar provided such financing prepetition so that the supplier can be paid and timely delivery ensured. As described below, if the Debtor misses this delivery window, securing a new delivery date could be delayed by approximately 30 days, or longer.

5. Maintaining the shipping schedule on these Carahsoft POs is critical. The Debtor is advised that if the docking appointments set by USDA (May 30 and June 6) are missed, due to shortage of staff in the UDSA warehouses, the USDA may not be able to schedule a new date for the docks until about 30-days later. Additionally, Dell, the manufacturer of certain of the computers ordered under one of the Carahsoft POs, has indicated that if the ordered units are not shipped soon, Dell will place the computers back into inventory and these computers will go out to other Dell customer. Thus, it is critical that the Debtor obtain the emergency authority to finance the Carahsoft POs on an expedited basis so it can maintain its delivery schedule, satisfy its contract with the USDA and receive the Debtor's Portion of the USDA AR, which is needed to fund post-petition expenses. Accordingly, the Debtor's ability to obtain the Financing is essential in order to enable the Debtor service its existing contract with the USDA and to maintain the Debtor's ongoing business and its value for the benefit of the Debtor, its estate and creditors.

6. The Court's consideration of the Financing Motion on an expedited basis is imperative to enable the Debtor to continue in its business in the ordinary course until a sale is completed, without which, the Debtor, and its estates, employees, and creditors, will suffer immediate and irreparable harm.

7. Cause exists for the Court to hear the Financing Motion on an expedited basis at the Hearing, as such is in the best interest of the Debtor's estate, and necessary to facilitate its successful reorganization hereunder.

8. For these reasons, the Debtor respectfully request that the Court schedule a hearing on the Financing Motion on **May 30, 2025 at 10:00 am** (EST), to be conducted via Zoom.

### No Prior Request

9. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, for the foregoing reasons, the Debtor respectfully requests that the Court: (a) entered the Proposed Order substantially in the form attached as **Exhibit A**; and (b) grant such other and further relief as is just and proper.

Dated: May 23, 2025             **CULLEN & DYKMAN LLP**

By: */s/ Michelle McMahon*
Ralph Preite, Esq.
The Omni Building
333 Earle Ovington Blvd, 2nd Floor
Uniondale, New York 11553
(516) 357-3700
Email: rpreite@cullenllp.com
    and
Michelle McMahon, Esq.
Kyriaki Christodoulou, Esq.
One Battery Park Plaza, 34th Fl.
New York, New York 10004
(212) 510-2296
Email: mmcmahon@cullenllp.com
      kchristodoulou@cullenllp.com

# Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SYSOREX GOVERNMENT SERVICES, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10920-(JPM) |

**ORDER GRANTING MOTION FOR ENTRY OF AN ORDER
SHORTENING THE NOTICE PERIODS FOR HEARING
ON DEBTOR'S FINANCING MOTION AND GRANTING RELATED RELIEF**

Upon the motion dated May 23, 2025 (the "**Motion**")[2] of Sysorex Government Services, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"), for entry of an order shortening the notice periods for an Hearing (the "**Hearing**") with respect to the Financing Motion, and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor:

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Responses or objections to the Financing Motion may be presented at the Hearing.

3. A Hearing on the Financing Motion shall be held on May 30, 2025 at 10:00 am (E.S.T.) before the Honorable John P. Mastando III, United States Bankruptcy Judge, of the United States Bankruptcy Court for the Southern District of New York, Courtroom 501 One Bowling Green, New York, New York 10004-1408, via Zoom.

4. Any party in interest objecting to the entry of the Final Order shall file written objections (each an "**Objection**") with the Clerk of the Court no later than May 28, 2025 at 5:00 p.m. and any replies in support of the Financing Motion (each a "**Reply**") shall be filed with the Clerk of the Court no later than May 29 at 4:00 p.m. All Objections and Replies shall be served so as to be received on or before such date by: (1) proposed counsel to the Debtor, Cullen and Dykman LLP, The Omni Building, 333 Earle Ovington Blvd, 2nd Fl., Uniondale, New York 11553, Attn: Ralph Preite, Esq. and One Battery Park Plaza, 34th Fl., New York, New York 10004, Attn: Michelle McMahon, Esq., and Kyriaki Christodoulou, Esq.; (2) the U.S. Trustee, Southern District of New York Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, NY 10004-1408, Attn: Daniel Rudewicz, Esq.; (3) Cavalry Fund I LP, Attn: Thomas Walsh, 82 E. Allendale Rd., Ste 5B Saddle River, NJ 07458; and (4) SouthStar Capital, LLC, Attn: Susan E. Linney, 840 Lowcountry Blvd., Mount Pleasant, SC 29464. In the event that venue of this case is transferred, any Objection or Reply filed prior to the transfer shall be transferred with the case to the transferred court and all the provisions.

5. The Debtor shall serve notice of this Order on (a) the U.S. Trustee; (b) each of the

Debtor's twenty (20) largest unsecured creditors; (c) the Debtor's secured lenders, (d) the Landlord, and its counsel; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; provided that the Debenture Holders will be served through their counsel and not individually. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor respectfully submits that no further notice is required.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
_____, 2025

_____
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE